**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AYMAN HASHEM,

                    **Plaintiff,**                              **Case No.** _____

                    **v.**

JESSICA A. McCLUNG, in her official capacity as Executive Director of the New York State Board of Law Examiners; CARMEN BEAUCHAMP CIPARICK, in her official capacity as Chair of the New York State Board of Law Examiners; BRYAN R. WILLIAMS, MICHAEL COLODNER, VICTORIA A. GRAFFEO, and CAROL C. VILLEGAS, in their official capacities
as members of the New York State Board of Law Examiners,

                    **Defendants.**

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND**
**REQUEST FOR PRELIMINARY INJUNCTION**
**(PRO SE)**

1

Plaintiff Ayman Hashem, for his Verified Complaint against Defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Ayman Hashem brings this action under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, the ADA's examination-access requirements, including 42 U.S.C. § 12189 to the extent applicable, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, seeking prospective declaratory and injunctive relief only.

2. Plaintiff is an applicant for the July 28–29, 2026 New York Uniform Bar Examination ("UBE"), administered by the New York State Board of Law Examiners ("BOLE").

3. Plaintiff has documented chronic disabilities and medical conditions, including Type 1 diabetes, diabetic peripheral neuropathy, chronic neurological pain, ADHD, right-shoulder impairment with limited mobility, and medically necessary use of diabetic monitoring/treatment devices and a pain-management implant controller.

4. These impairments substantially limit major life activities and major bodily functions relevant to timed bar-exam performance, including endocrine function, neurological function, concentration, thinking, manual tasks, writing, typing, sitting, physical stamina, and recovery from medically necessary interruptions.

5. Plaintiff requested non-standard testing accommodations so that the UBE measures his legal knowledge and analytical ability rather than the functional effects of his disabilities.

6. BOLE has previously granted limited accommodations, including off-the-clock breaks, separate seating, access to diabetic supplies, and limited use of a phone-linked glucose monitor, but denied additional testing time despite documentation that Plaintiff's impairments slow his writing and typing, require active glucose monitoring and treatment, and require time for physical and cognitive recovery after glycemic events and pain episodes.

7. Breaks alone do not provide meaningful access. They do not compensate for Plaintiff's ongoing reduction in working pace caused by neuropathy, hand and upper-extremity pain, shoulder impairment, ADHD-related processing limitations, prolonged sitting intolerance, and the time required to regain concentration after glucose instability.

8. Without extended testing time, Plaintiff will be forced to choose between protecting his medical safety and completing the examination under equal conditions.

9. Plaintiff seeks narrowly tailored prospective relief requiring Defendants to provide, for the July 2026 UBE, 100% extended testing time, or in the alternative no less than 75% extended testing time, medically necessary off-the-clock breaks, separate or reduced-distraction seating, permission to access and use his continuous glucose monitor, insulin pump or related diabetic device, insulin, glucose treatment, snacks, beverages, restroom access, stretching and position changes, and his prescribed pain-management implant controller.

10. Plaintiff also seeks equivalent relief for any resit, retake, deferred administration, makeup administration, or future BOLE-administered bar-admission examination for which he remains eligible and submits materially similar documentation showing continuing disability-related need.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and the ADA's examination-access requirements.

12. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202 and prospective injunctive relief under Federal Rule of Civil Procedure 65.

13. Plaintiff seeks only prospective declaratory and injunctive relief against state officials in their official capacities to stop an ongoing violation of federal law. Plaintiff does not seek compensatory damages from the State of New York, the New York State Board of Law Examiners, or Defendants.

14. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, effects, threatened injury, and implementation of Defendants' challenged conduct occurred or will occur in this District. Plaintiff resides in Bronx County, New York, within this District. Plaintiff receives substantial medical care and disability-related treatment in New York City and Westchester County, including White Plains, and his accommodation request is supported by medical records and treating-provider documentation generated in this District. Plaintiff prepared and submitted his July 2026 accommodation request from this District on or about April 24, 2026. As of the filing of this action, BOLE has not issued a decision on that request and advised Plaintiff that there is no known timeframe for a decision. Defendants' continued failure to timely decide Plaintiff's request and provide adequate accommodations threatens to deny Plaintiff equal access in this District by forcing him to prepare for, sit for, defer, or forgo the July 2026 UBE under unequal and medically unsafe conditions.

15. Venue is also supported because Plaintiff requested placement at a New York City testing location so that he may remain near his residence and caregiver during the examination period due to the nature and severity of his medical conditions. Plaintiff's BOLE re-application specifically requested placement at a New York City testing location for that reason. Plaintiff also receives relevant medical care and disability-related treatment in New York City and Westchester County, including White Plains, further tying the medical basis for the requested accommodations and the threatened injury to this District.

16. Although BOLE maintains its principal office in Albany, the ADA injury alleged here is not limited to the place where BOLE processed Plaintiff's paperwork. The threatened denial of meaningful access and the continuing failure to timely decide Plaintiff's July 2026 accommodation request are being felt by Plaintiff in this District, where he resides, manages his disabilities, receives substantial medical care and treatment in New York City and Westchester County, including White Plains, prepares for the examination, requested a New York City testing location, and faces the practical effect of Defendants' delay and threatened refusal to provide adequate accommodations.

## PARTIES

17. Plaintiff Ayman Hashem is an individual residing at 2772 Williamsbridge Road, Bronx, New York 10469, within the Southern District of New York.

18. Plaintiff is an applicant for the July 28–29, 2026 New York UBE and, if necessary, future administrations of the New York bar examination, New York Law Exam ("NYLE"), and any successor or related BOLE-administered examination required for admission to the New York bar.

19. Defendant Jessica A. McClung is the Executive Director of BOLE. She is sued in her official capacity only for prospective declaratory and injunctive relief.

20. Defendant Carmen Beauchamp Ciparick is the Chair of BOLE. She is sued in her official capacity only for prospective declaratory and injunctive relief.

21. Defendants Bryan R. Williams, Michael Colodner, Victoria A. Graffeo, and Carol C. Villegas are members of BOLE. They are sued in their official capacities only for prospective declaratory and injunctive relief.

22. Defendants, acting through BOLE, administer the New York bar examination, evaluate non-standard testing accommodation requests, determine what accommodations are granted or denied, and control the testing conditions under which Plaintiff must sit for the July 2026 UBE.

23. Defendants' accommodation determinations directly regulate the conditions under which Plaintiff, a Bronx resident, may sit for the July 2026 UBE, including whether he can take the examination with medically necessary accommodations at or near a New York City testing location.

## FACTUAL ALLEGATIONS

24. Plaintiff has lived with Type 1 diabetes since approximately 2004.

25. Plaintiff's diabetes is chronic, serious, and medically complex. During long, timed examinations, Plaintiff's blood glucose may drop or rise suddenly and unpredictably, especially under stress.

26. Plaintiff uses a phone-linked continuous glucose monitor and related diabetic technology to monitor his blood glucose in real time.

27. Plaintiff must have immediate access to insulin, glucose treatment, snacks, beverages, water, monitoring tools, and related diabetic supplies during the examination.

28. When Plaintiff's blood glucose becomes abnormally high or low, he may need time to identify the problem, review his monitor, treat the episode, wait for his body to stabilize, and recover enough concentration and mental clarity to resume meaningful testing.

29. The functional loss caused by a glycemic event is not limited to the moment Plaintiff stops working. It includes treatment time, physical recovery time, cognitive recovery time, and reorientation time before he can resume productive examination work.

30. Plaintiff also suffers from diabetic peripheral neuropathy and chronic neurological pain affecting his hands, legs, and overall physical functioning.

31. Plaintiff's neuropathy and chronic pain slow his handwriting and typing, reduce his endurance, interfere with concentration, and make it difficult to function continuously through lengthy exam sessions.

32. Plaintiff experiences pain while sitting still, concentrating, writing, or typing.

33. Off-the-clock breaks do not fully address this limitation because the pain does not stop during the break and does not disappear when Plaintiff returns to testing.

34. Plaintiff underwent implantation of a pain-management device on or about March 27, 2026.

35. Plaintiff needs permission to possess and use the controller for the pain-management implant during the examination as medically necessary.

36. The pain-management implant primarily targets pain in Plaintiff's legs and feet. It does not adequately resolve persistent upper-extremity pain that directly interferes with writing and typing.

37. Plaintiff also has chronic right-shoulder pain and limited mobility following two prior right-shoulder surgeries.

38. Plaintiff's right-shoulder impairment causes continuing pain and restriction, including discomfort with prolonged writing or typing.

39. Plaintiff's shoulder impairment further reduces his physical endurance and slows the repetitive arm movement required for sustained bar-exam writing and typing.

40. Plaintiff has also been diagnosed with ADHD.

41. Plaintiff's ADHD substantially impairs attention, concentration, working memory, processing speed, and ability to sustain mental effort over long periods of time.

42. These ADHD-related limitations become worse under timed, high-stakes examination conditions, causing Plaintiff to work more slowly, lose focus, fatigue mentally, and require additional time to complete tasks accurately and effectively.

43. The UBE is a multi-session, timed professional licensing examination that requires sustained reading, legal analysis, issue spotting, rule recall, organization, writing, typing, endurance, and concentration.

44. Plaintiff's combined impairments substantially reduce his effective working time during each UBE session.

45. Plaintiff's limitations are overlapping and cumulative. Diabetes requires active monitoring and may require urgent treatment and recovery time. Neuropathy and chronic pain reduce writing and typing speed even when Plaintiff is not experiencing an acute glucose event. Shoulder impairment further reduces speed and endurance. ADHD reduces processing efficiency, sustained attention, working memory, and completion speed.

46. Plaintiff's medical limitations affect the condition, manner, and duration in which he can perform exam-related tasks compared with most examinees under standard timed conditions.

47. Plaintiff requested accommodations for the July 2026 UBE, including 100% additional testing time for all UBE sessions.

48. Plaintiff also requested unscheduled off-the-clock breaks as medically necessary, in addition to extended time, for glucose monitoring, diabetes treatment, insulin administration, restroom use, stretching, position changes, pain management, and cognitive recovery.

49. Plaintiff requested permission to possess and use two medically necessary devices during the examination: his phone-linked continuous glucose monitor or insulin pump application/device for real-time diabetic monitoring, and his pain-management implant controller for medically necessary operation of the implanted device.

50. Plaintiff requested permission to access and use diabetic supplies as needed during testing, including insulin, glucose treatment, snacks, beverages, and related diabetic materials.

51. Plaintiff requested placement at a New York City testing location so he may remain as close as possible to his residence and caregiver, given the nature and severity of his medical conditions and the support they require during the examination period.

52. Plaintiff requested seating that reasonably accommodates his documented need for movement, stretching, position changes, and restroom access.

53. In connection with prior examination administrations, including the July 2025 UBE and the February 2026 UBE, BOLE repeatedly granted Plaintiff limited accommodations, including off-the-clock breaks, separate seating, diabetic supplies, and limited use of a phone-linked glucose monitor, but denied extended testing time.

54. Plaintiff appealed BOLE's prior denial relating to an earlier examination administration. That appeal did not concern Plaintiff's present July 2026 accommodation request.

55. BOLE denied the prior appeal and left Plaintiff's accommodations materially unchanged. BOLE later again provided breaks and medical-access accommodations but denied extended testing time for the February 2026 UBE.

56. Plaintiff's present July 2026 request is a new or renewed accommodation request supported by updated and more specific medical documentation addressing the combined effects of ADHD, Type 1 diabetes, painful diabetic neuropathy, chronic neurological pain, prolonged sitting intolerance, shoulder impairment, and the need for ongoing disease-management tasks.

57. For the July 2026 UBE, Plaintiff requested 100% additional testing time, unscheduled off-the-clock breaks, permission to use medically necessary devices, access to diabetic supplies, seating that permits movement and restroom access, and placement at a New York City testing location near his residence and caregiver.

58. Plaintiff submitted his present July 2026 accommodation request to BOLE on or about April 24, 2026. As of the filing of this action, BOLE has not issued a decision on that request. When Plaintiff contacted BOLE to ask about the status of the request, BOLE advised that there was no known timeframe for when a decision would be issued.

59. Plaintiff has not pursued or completed an internal appeal from the July 2026 request because BOLE has not issued a July 2026 decision to appeal. Waiting indefinitely for BOLE to issue a decision, and then requiring Plaintiff to pursue another internal appeal, would leave Plaintiff with an unreasonably narrow window to seek meaningful emergency judicial relief before the July 28–29, 2026 UBE. Plaintiff's concern is concrete and not speculative because BOLE has already denied the same core accommodation—extended testing time—in materially similar circumstances for the July 2025 and February 2026 UBE cycles, despite granting only partial accommodations, and BOLE's continued failure to timely decide Plaintiff's July 2026 request creates a substantial risk that Plaintiff will be denied meaningful access to the July 2026 UBE or left without sufficient time to obtain effective judicial relief before the examination.

60. Breaks alone do not restore the time lost to reduced pace, reduced endurance, slowed writing, slowed typing, impaired concentration, glucose treatment, physical recovery, cognitive recovery, and reorientation.

61. Without extended testing time, Plaintiff will be disadvantaged throughout the examination even during periods when he is not actively taking a break.

62. Plaintiff does not seek an advantage, reduced passing score, alteration of the examination's substance, waiver of eligibility rules, or any change in the legal knowledge measured by the UBE.

63. Plaintiff seeks testing conditions that allow the UBE to measure his legal knowledge and analytical ability rather than the functional effects of his disabilities.

64. Plaintiff's requested accommodations are directly tied to documented functional limitations.

65. The requested accommodations are administratively manageable and consistent with the purpose of non-standard testing accommodations.

66. The July 2026 UBE is a fixed professional licensing opportunity that cannot be recreated after the examination passes.

67. If Defendants do not provide adequate accommodations before the July 2026 UBE, Plaintiff will be forced either to sit under unequal and medically unsafe conditions or forgo the examination opportunity.

68. Because Plaintiff's disabilities are chronic and continuing, the requested relief should not be limited to a single examination administration. It should apply to the July 2026 UBE and, if Plaintiff must re-sit, retake, defer, or take a future related BOLE-administered examination, to future administrations for which Plaintiff remains eligible and submits materially similar documentation showing continuing disability-related need.

## LEGAL FRAMEWORK

69. Title II of the ADA provides that no qualified individual with a disability shall, by reason of disability, be excluded from participation in, denied the benefits of, or subjected to discrimination by a public entity. 42 U.S.C. § 12132.

70. The ADA defines disability to include a physical or mental impairment that substantially limits one or more major life activities. 42 U.S.C. § 12102(1).

71. Major life activities include performing manual tasks, walking, standing, lifting, bending, learning, reading, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A).

72. Major life activities also include major bodily functions, including neurological, brain, digestive, bowel, bladder, circulatory, and endocrine functions. 42 U.S.C. § 12102(2)(B).

73. The ADA's definition of disability must be construed broadly in favor of coverage. 42 U.S.C. § 12102(4)(A).

74. An impairment that is episodic is a disability if it would substantially limit a major life activity when active. 42 U.S.C. § 12102(4)(D).

75. The determination of disability must be made without regard to the ameliorative effects of mitigating measures, including medication, medical supplies, equipment, appliances, prosthetics, and assistive technology. 42 U.S.C. § 12102(4)(E).

76. A public entity discriminates under Title II when it fails to make reasonable modifications necessary to avoid disability discrimination and provide meaningful access to the public program or service.

77. To establish a Title II claim, Plaintiff must show that he is a qualified individual with a disability, that Defendants are subject to Title II, and that Defendants denied him meaningful access to a public service, program, or activity or otherwise discriminated against him by reason of disability. See Wright v. N.Y. State Dep't of Corr. & Cmty. Supervision, 831 F.3d 64, 72 (2d Cir. 2016); Henrietta D. v. Bloomberg, 331 F.3d 261, 272–73, 282 (2d Cir. 2003).

78. Meaningful access may require reasonable modifications where standard rules or testing conditions prevent a qualified person with a disability from having equal access to the benefit offered. See Alexander v. Choate, 469 U.S. 287, 301 (1985).

79. The ADA's examination-access provision, 42 U.S.C. § 12189, requires examinations related to licensing, certification, or credentialing for professional purposes to be offered in a place and manner accessible to persons with disabilities or with alternative accessible arrangements.

80. DOJ's examination regulation provides that covered examinations must be administered so as to best ensure that examination results reflect the individual's aptitude or achievement level rather than impaired sensory, manual, or speaking skills, except where those skills are the factors the examination purports to measure. 28 C.F.R. § 36.309(b)(1)(i).

81. Required modifications may include changes in the length of time permitted for completion of the examination and adaptation of the manner in which the examination is administered. 28 C.F.R. § 36.309(b)(2).

82. In D'Amico v. New York State Board of Law Examiners, 813 F. Supp. 217 (W.D.N.Y. 1993), the court granted preliminary injunctive relief requiring BOLE to provide additional bar-exam accommodations where the offered accommodations were insufficient and the medical evidence supported the requested accommodation.

83. BOLE's own policy states that it provides non-standard testing accommodations to applicants with disabilities for the bar examination and NYLE when accommodations are timely requested, reasonable, not unduly burdensome, consistent with the nature and purpose of the examination, and necessitated by the applicant's disability.

84. Plaintiff's requested relief fits within that standard.

85. Plaintiff is not required to complete another internal BOLE appeal before seeking prospective ADA relief in federal court. Title II of the ADA does not impose a general administrative-exhaustion requirement before a private plaintiff may seek judicial relief. See Mary Jo C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 170 n.13 (2d Cir. 2013).

86. Plaintiff does not allege that BOLE has issued a final denial of his July 2026 request. Plaintiff alleges that BOLE's failure to timely decide the accommodation request submitted on or about April 24, 2026, combined with BOLE's repeated prior denials of extended testing time in materially similar testing cycles and the fixed July 28–29, 2026 UBE date, creates an imminent threat of denial of equal access.

87. DOJ guidance recognizes that testing entities must respond to accommodation requests in a timely manner so applicants have a reasonable opportunity to register, prepare, respond to

requests for additional information, and still take the examination in the same testing cycle. Failure to act timely may result in denial of equal opportunity in an examination setting.

88. Because BOLE has not issued a decision, has provided no known timeframe for issuing a decision, and has repeatedly denied extended testing time in materially similar prior cycles, further waiting would risk mooting meaningful judicial review before the July 2026 UBE.

**COUNT I**

**TITLE II OF THE ADA — FAILURE TO PROVIDE REASONABLE MODIFICATIONS AND MEANINGFUL ACCESS**

**42 U.S.C. § 12132**

89. Plaintiff repeats and realleges paragraphs 1 through 88 as if fully set forth here.

90. Plaintiff is a qualified individual with disabilities under the ADA.

91. Plaintiff's Type 1 diabetes, diabetic peripheral neuropathy, chronic neurological pain, ADHD, right-shoulder impairment, and related limitations substantially limit major life activities and major bodily functions, including endocrine function, neurological function, concentrating, thinking, manual tasks, sitting, writing, typing, stamina, and working.

92. Plaintiff meets the essential eligibility requirements to sit for the July 2026 UBE and, if necessary, future administrations of BOLE-administered bar-admission examinations.

93. Defendants are state officials responsible for administering a public professional licensing examination and for determining and implementing non-standard testing accommodations.

94. The New York UBE is a public service, program, or activity within the meaning of Title II.

95. Defendants' repeated prior denials of materially similar requests, together with their continued failure to timely decide Plaintiff's July 2026 accommodation request and threatened refusal to provide adequate extended testing time and related accommodations, deny or threaten to deny Plaintiff meaningful access to the UBE.

13

96. Defendants' partial accommodations are insufficient because they do not address Plaintiff's ongoing reduced working pace, slowed writing and typing, concentration deficits, pain-related endurance limitations, glucose-related recovery time, and reorientation needs.

97. Defendants' continued failure to timely decide Plaintiff's request and threatened refusal to provide adequate accommodations will cause the July 2026 UBE to measure the functional effects of Plaintiff's disabilities rather than his legal knowledge and analytical ability.

98. Defendants' conduct constitutes disability discrimination under Title II of the ADA.

99. Plaintiff seeks prospective declaratory and injunctive relief only to prevent an ongoing and future violation of federal law.

**COUNT II**

**ADA EXAMINATION-ACCESS REQUIREMENTS**

**42 U.S.C. § 12189 AND 28 C.F.R. § 36.309, TO THE EXTENT APPLICABLE; ALTERNATIVELY AS STANDARDS INFORMING TITLE II**

100. Plaintiff repeats and realleges paragraphs 1 through 99 as if fully set forth here.

101. The UBE is an examination related to professional licensing, certification, or credentialing.

102. Plaintiff is a person with disabilities who requires the examination to be administered in a place and manner accessible to him.

103. Plaintiff's requested accommodations are necessary to ensure that the examination measures Plaintiff's aptitude, achievement level, legal knowledge, and analytical skills rather than the effects of impaired manual functioning, neurological pain, endocrine instability, concentration limitations, and physical endurance limitations.

104. Defendants' repeated prior denial of extended testing time, while granting only breaks and limited medical-access accommodations, together with their continued failure to timely decide Plaintiff's July 2026 request and threatened refusal to provide adequate accommodations, fail to ensure accessible examination conditions for Plaintiff.

14

105. Plaintiff pleads this claim under 42 U.S.C. § 12189 and 28 C.F.R. § 36.309 to the extent the Court determines those authorities apply directly to Defendants' administration of the New York bar examination.

106. In the alternative, if the Court determines that § 12189 or 28 C.F.R. § 36.309 does not provide an independent claim against state officials administering a public licensing examination, Plaintiff pleads these examination-access standards as persuasive and regulatory guidance informing the Title II meaningful-access and reasonable-modification analysis.

107. Defendants' continued failure to timely decide Plaintiff's accommodation request and threatened refusal to provide adequate examination accommodations violate the ADA's requirement that professional licensing examinations be administered in a place and manner accessible to persons with disabilities.

**BASIS FOR PRELIMINARY INJUNCTIVE RELIEF**

108.  Plaintiff repeats and realleges paragraphs 1 through 107 as if fully set forth here.

109. Plaintiff seeks a preliminary injunction under Federal Rule of Civil Procedure 65 requiring Defendants to provide reasonable testing accommodations for the July 28–29, 2026 UBE.

110. Plaintiff is likely to succeed on the merits because he is a qualified individual with disabilities, Defendants administer a public professional licensing examination, BOLE has repeatedly denied extended testing time in materially similar prior testing cycles, BOLE has not issued a decision on Plaintiff's July 2026 request submitted on or about April 24, 2026, and Defendants' continued failure to timely decide Plaintiff's request and threatened refusal to provide adequate accommodations deny or threaten to deny Plaintiff meaningful access to the examination.

111. Plaintiff's disabilities and functional limitations are documented and directly tied to the accommodations requested.

112. Plaintiff's requested accommodations are reasonable, individualized, medically supported, and designed to preserve equal access rather than confer an advantage.

113. Plaintiff will suffer irreparable harm absent preliminary relief because the July 2026 UBE is a fixed professional licensing opportunity that cannot be recreated after it passes. BOLE has had Plaintiff's July 2026 accommodation request since on or about April 24, 2026, has not issued a decision, and advised Plaintiff that there is no known timeframe for a decision. Waiting indefinitely for BOLE to issue a decision, and then requiring Plaintiff to pursue another internal appeal, would leave too little time for meaningful emergency judicial review and implementation before the examination.

114. Monetary relief cannot remedy the loss of an equal opportunity to sit for a professional licensing examination under lawful conditions.

115. The balance of equities favors Plaintiff because the requested accommodations merely require Defendants to administer the examination under accessible conditions tailored to Plaintiff's documented disabilities.

116. Defendants will not suffer legally cognizable harm from providing reasonable testing accommodations that preserve exam security, validity, and administrative manageability.

117. The public interest favors enforcement of the ADA and equal access to professional licensing examinations.

118. A preliminary injunction will serve the public interest by ensuring that a qualified applicant is tested on legal knowledge and competence rather than the functional effects of disability.

**REQUESTED ACCOMMODATIONS**

119.     Plaintiff requests that Defendants be ordered to provide the following accommodations for the July 28–29, 2026 UBE:

a. 100% extended testing time for each UBE session, or in the alternative no less than 75% extended testing time;

b. unscheduled off-the-clock breaks as medically necessary, in addition to extended time, for glucose monitoring, diabetes treatment, insulin administration, restroom use, stretching, position changes, pain management, and cognitive recovery;

16

c. separate or reduced-distraction seating;

d. seating that reasonably permits movement, stretching, position changes, and restroom access;

e. permission to possess and use Plaintiff's phone-linked continuous glucose monitor, insulin pump application/device, or related diabetic monitoring and treatment technology;

f. permission to possess and use Plaintiff's prescribed pain-management implant controller;

g. permission to access and use insulin, glucose tablets, glucose treatment, snacks, beverages, water, and related diabetic supplies as medically necessary;

h. permission to stand, stretch, change position, and use the restroom as medically necessary as off-the-clock breaks;

i. placement at a New York City testing location, or alternatively the closest available non-standard testing location to Plaintiff's Bronx residence, so that Plaintiff may remain near his residence and caregiver during the examination period due to his documented medical conditions; and

j. any administrative modifications necessary to implement these accommodations without compromising exam security.

120. Plaintiff further requests that the same or materially equivalent accommodations apply to any resit, retake, deferred administration, makeup administration, NYLE administration, or successor BOLE-administered bar-admission examination for which Plaintiff remains eligible and submits materially similar documentation showing continuing disability-related need.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' failure to timely decide Plaintiff's July 2026 accommodation request, together with their repeated prior denial of materially similar requests and threatened refusal to provide adequate extended testing time and related accommodations, violates or would violate Title II of the ADA and the ADA's examination-access requirements;

B. Enter a preliminary injunction requiring Defendants to provide Plaintiff with the accommodations listed in paragraph 119 for the July 28–29, 2026 UBE;

17

C. Enter a permanent injunction requiring Defendants to provide Plaintiff with reasonable testing accommodations for the July 2026 UBE and any materially related future BOLE-administered bar-admission examination for which Plaintiff remains eligible and submits materially similar documentation showing continuing disability-related need;

D. Order Defendants to implement Plaintiff's accommodations in a manner that does not disadvantage Plaintiff, reduce his effective testing time, expose him to unnecessary medical risk, or impose avoidable administrative barriers;

E. Order Defendants to provide Plaintiff, if administratively available and consistent with exam security, a New York City testing location, or the closest available non-standard testing location to Plaintiff's Bronx residence, because Plaintiff's medical conditions require proximity to his residence and caregiver during the examination period;

F. Award Plaintiff costs and, if represented by counsel, reasonable attorney's fees to the extent authorized by 42 U.S.C. § 12205 and other applicable law;

G. Grant such other and further relief as the Court deems just and proper.

**VERIFICATION UNDER 28 U.S.C. § 1746**

I, Ayman Hashem, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Verified Complaint and that the factual statements made in it are true and correct to the best of my knowledge, except as to matters stated on information and belief, and as to those matters I believe them to be true.

I further declare that I appealed BOLE's prior accommodation denial for an earlier examination administration. That appeal did not concern my present July 2026 request. For the July 2026 UBE, I submitted a new or renewed accommodation request with updated and more specific medical support on or about April 24, 2026. As of the filing of this action, BOLE has not issued a decision on that request. When I contacted BOLE regarding the status of the request, I was advised that there was no known timeframe for a decision. I have not pursued an internal appeal for the July 2026 request because there is no July 2026 decision to appeal. Waiting indefinitely for BOLE to issue a decision, and then requiring another internal appeal, would leave me with too little time to seek effective court relief before the July 28–29, 2026 UBE.

Executed on: May 19, 2026
Bronx, New YorkP

Respectfully submitted,


_Ayman Hashem_

**Ayman Hashem**
Plaintiff, Pro Se
2772 Williamsbridge Road, 1F
Bronx, New York 10469
Email: aymanhashem@me.com
Telephone: (914) 508-0001