UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYMAN HASHEM,
Plaintiff,

-v-

JESSICA A. MCCLUNG, *et al.*,
Defendants.

26-CV-4220 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On July 14, 2026, Plaintiff Ayman Hashem, proceeding *pro se*, requested by email a PACER fee exemption. "To ensure adequate funding for PACER, users are charged fees for accessing documents or performing other tasks on the system." *Oliva v. Brookwood Coram I, LLC*, No. 14-CV-2513, 2015 WL 1966357, at *1 (E.D.N.Y. Apr. 30, 2015). PACER fees are set forth in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States Courts. *See* Electronic Public Access Fee Schedule, U.S. Courts ("Fee Schedule") (Dec. 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Generally, users are charged a fee of 10 cents per page (up to a maximum of 30 pages) for accessing docketing, case documents, transcripts or reports on PACER. *See id.* The Fee Schedule contains several automatic fee exemptions, including a limited exemption for *pro se* litigants. *Id.* ("Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.").

Plaintiff is a party in this case who is proceeding *pro se*. Accordingly, the Court finds that Plaintiff falls within the class of PACER users eligible for an automatic fee exemption and GRANTS Plaintiff's request for a PACER fee exemption.

Plaintiff shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this Court with respect to the above-captioned case. Plaintiff shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court. Additionally, the following limitations apply:

1. This fee exemption applies only to Plaintiff and is valid only for the purposes stated above.
2. This fee exemption does not apply to any other SDNY cases.
3. This fee exemption applies only to the electronic case files of this Court that are available through the PACER system.
4. By accepting this exemption, Plaintiff agrees not to sell for profit any data obtained as a result of receiving this exemption.
5. Plaintiff is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases.
6. This exemption is valid retroactively from May 20, 2026, the date on which Plaintiff filed his complaint (ECF No. 1), until July 7, 2026, the date on which this case was closed (ECF No. 37).

This exemption may be revoked at the discretion of the Court at any time. The Clerk of Court is directed to send a copy of this Order to the PACER Service Center. As Plaintiff previously consented to receive electronic notice via the ECF system (ECF No. 4), there is no need to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: July 15, 2026
New York, New York

J. PAUL OETKEN
United States District Judge